United States District Court     Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
June 01, 2022
Nathan Ochsner, Clerk

Sandy Carter, §
§
            Plaintiffs, §
§
versus §    Civil Action H-21-3216
§
PennyMac Loan Services, LLC, §
§
            Defendant. §

## Opinion on Summary Judgment

**A.    Facts.**

Sandy Carter owned a house in Houston. It had secured a lien from Horizon Mortgage Corporation for $47,700. In 1988, the loan was transferred to Bank of America.

Carter made monthly payments that she says were incorrectly accounted for by the lender. In 2013, Bank of America notified Carter that she had defaulted on her loan.

On September 1, 2016, PennyMac took ownership of the loan. It says that the loan was still unpaid. Carter says that she had cured the default by making payments in 2017 and 2018.

In April 2019, PennyMac notified Carter that it would foreclose. It received an appraisal of the property for $114,000. On May 7, 2019, PennyMac foreclosed and sold the house for $88,000.

Carter sued PennyMac for: (a) foreclosing the house with no default; and (b) selling the house below the appraised value. She also sued the lender for negligence.

On November 26, 2021, PennyMac moved for summary judgment.

B.   *Wrongful Foreclosure.*

To succeed on a claim for wrongful foreclosure, Carter must show: (1) a defect in the foreclosure sale; (2) a grossly inadequate selling price; and (3) a causal connection between the defect in the sale and the grossly inadequate selling price.[1]

PennyMac says that the statute of limitations bars Carter's foreclosure claims. It says that the statute of limitations began when Carter complained that the lender was not properly applying her payments. Nevertheless, it says that Carter cannot show that the house sold for less than the appraised value.

Carter says that the statute of limitations began on the date of the foreclosure. She says that the declaration by PennyMac contradicts the facts. She says that she cured the default. She says that PennyMac failed to correct its records.

The statute of limitations for wrongful foreclosure is four years.[2] The time accrued on the date of the foreclosure, May 7, 2019. Carter has filed within the allotted time. Even so – Carter does not meet the second element necessary to prove wrongful foreclosure.

Texas law says that a property sold for more than 50% of its appraised value is not "grossly inadequate."[3] Carter's house sold for $88,000. The property appraised at $114,000. PennyMac refunded her $56,773.70. The house was sold for 77% of its appraised value. It is not "grossly inadequate."

Carter was paid $56,773.70 from the sale. She has that money. She has not identified material issues that challenge the selling price. The discrepancies she identifies in the declaration are not fatal. The appraisal document speaks for itself.

Because the house was not sold at an inadequate price, her wrongful foreclosure claim fails.

---

[1] *Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex.App.–Houston [14th Dist.] 1989).

[2] *Gonzalez v. Lockwood Lumber Co.*, 668 S.W.2d 813, 814 (Tex.App.–Houston [14th Dist.] 1984).

[3] *Terra XXI, Ltd. v. Harmon*, 279 S.W.3d 781, 788 (Tex. App. 2007).

C.  *Negligence.*

To succeed on a claim of negligence, a duty must exist. A mortgagor and a mortgagee do not share a special relationship that imposes a duty on the lender.[4]

PennyMac says that it does not owe a special duty to Carter. It says that the claim should be pleaded as a breach of contract because it is a contractual relationship. Carter does not respond to this argument.

Texas law says that if a tort claim arises solely from the parties' contractual relationship, the tort claim is precluded.[5]

Carter's negligence claim is a result of the breach of the loan. She is unable to recover additional damages through this claim.

D.  *Conclusion.*

Because Sandy Carter's home was adequately sold, and she does not raise a genuine dispute of fact, she takes nothing from PennyMac Loan Services, LLC.

Signed on June __1__, 2022, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

[4] *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex.1962).

[5] *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F.Supp.2d 616, 625–26 (N.D.Tex.2011).